# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**NANNETTE WILLIAMS**              **CIVIL ACTION**

**VERSUS**              **NO. 19-704-JWD-SDJ**

**GURDEEP SINGH, et al.**

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 4, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**NANNETTE WILLIAMS**                                       **CIVIL ACTION**

**VERSUS**                                                  **NO.  19-704-JWD-SDJ**

**GURDEEP SINGH, et al.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand (R. Doc. 5). The Motion is opposed by the removing Defendants. (R. Doc. 16). As explained below, the Court **recommends** that Plaintiff's Motion to Remand be **granted** and her case **remanded** because this cause of action is not "between citizens of different states." 28 U.S.C. § 1332(a)(1).

**I.    BACKGROUND**

On August 22, 2019, Plaintiff Nannette Williams filed this personal injury action in the 18th Judicial District Court for West Baton Rouge Parish, against the following Defendants: Crusader Insurance Company, Kumar Sandeep, Gurdeep Singh d/b/a Suni Transport (Suni Transport), and Antoinette Williams. (R. Doc. 1-2 at 3-7). Plaintiff alleges that on August 31, 2018, she was a passenger in a vehicle driven by Antoinette Williams that was struck from behind by a commercial truck operated by Kumar Sandeep while in the course and scope of his employment with Suni Transport. (R. Doc. 1-2 at ¶¶ 3, 6). Plaintiff claims that her injuries and damages were caused by the negligence of Antoinette Williams, Kumar Sandeep, and Suni Transport. (R. Doc. 1-2 at ¶ 5).

On October 11, 2019, the Crusader Insurance Company, Kumar Sandeep, and Suni Transport filed a Notice of Removal asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). The Removing Defendants assert that the citizenship of Antoinette Williams should be disregarded because she was improperly joined as a non-diverse defendant. (R. Doc. 1 at 3-6).

Following removal, Plaintiff filed a Motion to Remand arguing that Antoinette Williams is a properly joined defendant, and her presence defeats diversity jurisdiction. (R. Doc. 5).

## II.    LEGAL STANDARD

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder of a non-diverse party can be proven when the removing defendant establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646-47. In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649.

In general, and appropriate here,[1] a district court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state

---

[1] (R. Doc. 10 at 4-5) (denying request for jurisdictional discovery).

defendant." *Smallwood*, 385 F.3d at 573.[2] If the court concludes that the plaintiff has any "possibility of recovery against the party whose joinder is questioned" then joinder is proper, and the case must be remanded for lack of subject matter jurisdiction. *Id*. For the reasons given below, the Court finds that Plaintiff does have a possibility of recovery against Antionette Williams, and remand is therefore appropriate.

## III. DISCUSSION

Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under the general negligence principles of Louisiana Civil Code article 2315. To establish liability in a negligence action, a plaintiff must prove five separate elements: (1) the defendant had a duty; (2) the defendant breached its duty; (3) the defendant's breach was a cause in fact of the plaintiff's injuries; (4) the defendant's breach was a legal cause of the plaintiff's injuries; and (5) the plaintiff suffered actual damages. *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 816 So.2d 270, 275-76 (La. 2002). Whether the defendant breached its duty and whether that breach in fact caused the plaintiff's injuries are both factual issues. *Snearl v. Mercer*, 780 So.2d 563, 574 (La. App. 1st Cir. 2001). Where there are concurrent causes of an accident, an individual defendant's conduct will be considered a cause-in-fact if that conduct was a substantial factor in bringing about the accident. *Bonin v. Ferrellgas*, Inc., 877 So.2d 89, 94 (La. 2004).

Under Louisiana's comparative fault statute, multiple defendants can be held liable for a single accident to varying degrees of comparative fault. *See* La. Civ. Code. Art. 2323(A). Various factors are considered in deciding how to allocate fault amongst multiple defendants: "(1) whether

---

[2] Where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," however, the district court may "pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. It is within the sole discretion of the court to determine whether the court should conduct a summary inquiry into the plaintiff's possibility of recovery against the allegedly improperly-joined defendant. *See Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 309-10 (5th Cir. 2005) (citing *Smallwood*, 385 F.3d at 573-74)). Consistent with the Court's earlier decision that discovery is not necessary, a summary inquiry is likewise not warrant. (R. Doc. 10 at 4-5).

the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought." *Clement v. Frey*, 666 So.2d 607, 611 (La. 1996) (quoting *Watson v. State Farm Fire and Cas. Ins. Co.*, 469 So.2d 967, 974 (La. 1985)).

Here, Plaintiff has alleged that the accident and her resulting injuries were caused in part by Antionette William's negligence in "[f]ailing to maintain control of [her] vehicle," "[f]ailing to do what should have been done so as to avoid the collision," and other acts to be proven at trial. (R. Doc. 1-2 at ¶ 5). Similarly, Plaintiff claims that Kumar Sandeep was negligent in "[f]ailing to maintain control of [his] vehicle" and otherwise operating the vehicle negligently.

This Court has previously recognized that "Louisiana courts have assigned a percentage of fault based on the negligence of the lead driver in suits arising out of rear-end collisions." *Byrd v. Norman*, 2017 WL 5986470, at *5 (M.D. La. Nov. 14, 2017) (finding similar allegations sufficient to state a plausible claim against non-diverse driver of lead vehicle in rear-end collision for purposes of determining jurisdiction); *see also Mart v. Hill*, 505 So.2d 1120, 1123-24 (La. 1987) (finding both lead and following driver negligent in rear-end collision and apportioning fault); *McKinley v. Bekins Moving & Storage Co., Inc.*, 449 So.2d 705, 706 (La. App. 5 Cir. 1984) (apportioning 10% fault to lead driver and explaining: "Generally, the following driver in a rear end collision is considered to be at fault, except when the driver of the lead vehicle negligently creates a hazard which the following vehicle cannot reasonably avoid."); *Mustiful v. Strickland*, 732 So.2d 741, 744 (La. App. 3 Cir. 1999) (finding trial court erred in disregarding jury's determination that lead driver was 25% at fault based on conflicting testimony regarding lead

driver's attempt to enter a traffic circle); *Boggs v. Voss*, 741 So.2d 139, 141-42 (La. App. 2 Cir. 1999) (apportioning fault between lead and following driver, explaining: "a reasonable factfinder could have found that, although Voss was at fault in being inattentive to the lead vehicle, he could not be solely responsible because of Boggs's sudden, substantial, and last minute decrease in speed or stop which presented a hazard that could not reasonably be avoided under the circumstances.").

Considering Louisiana's comparative fault principles and the allegations made in the Complaint (R. Doc. 1-2), there is "a reasonable basis . . . to predict that [Plaintiff] might be able to recover against" Antionette Williams, the non-diverse lead driver in the rear-end collision at issue.[3] *Smallwood*, 385 F.3d at 573-74. And so, Antionette Williams was not improperly joined and remand is appropriate as complete diversity does not exist. *See Higginbotham v. Donald*, 2014 WL 1922773, at *4-5 (M.D. La. May 14, 2014) (remanding case where plaintiff's similar allegations stated plausible cause of action against driver of vehicle in which she was a passenger at time of accident).

---

[3] While factual issues remain as to whether Antionette Williams' acts were a substantial factor in the accident and, if so, whether and to what degree Antionette Williams should be held at fault, resolution of those issues is not appropriate here for the purpose of determining jurisdiction. *See Smallwood*, 385 F.3d at 573-74 ("Attempting to proceed beyond" a summary inquiry "carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from" analyzing diversity jurisdiction "by a simple and quick exposure of the chances of the claim against the in-state defendant . . . .").

## IV. CONCLUSION

Because complete diversity does not exist between the parties, the Court **RECOMMENDS** that Plaintiff's Motion to Remand (R. Doc. 5) be **GRANTED** and her cause of action **REMANDED** to the 18th Judicial District Court, West Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on June 4, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**